UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK DWAYNE SAM, | No. 2:17-cv-00744-GGH HC |
| Petitioner, | |
| v. | ORDER |
| D. DAVEY, Warden, | |
| Respondent. | |

Petitioner filed a Motion for an Extension of Time to file a petition for Writ of Habeas Corpus on April 6, 2017. ECF No. 1. No petition accompanied this filing.

Petitioner is advised that this court cannot grant additional time to file an initial petition. The only purpose for such a request would appear to be an attempt to arrest the statute of limitations that is included in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Section 2254(d)(1)(A) of the Act dictates that there is a one year statute of limitation for the filing of a petition for federal habeas corpus. That year begins to run "on the date on which the judgment of the highest state court becomes final by the conclusion of direct review or the expiration of the time for seeking such review; . . " There is no case or controversy until a petition is filed. Pacheco v. People of the State of California, 2016 WL 6680409 (C.D. Cal. 2016); Sisneros v. Biter, 2012 WL 395758 (C.D. Cal. 2012); Bjorn v. Warden, 2009 WL 1392089 (N.D. Cal. 2009).

1

| | |
|---|---|
| 1 | With the foregoing in mind, petitioner's request for an extension of time to file a Writ in |
| 2 | this court is DENIED as impermissible. |
| 3 | Petitioner may file a petition using the above case number within thirty days of the filed |
| 4 | date of this order, but must keep in mind that the AEDPA limitations period will stop running |
| 5 | only on the date of the petition's filing, and not the date this proceeding was opened. If no |
| 6 | petition is filed within thirty days, this proceeding will be closed. |
| 7 | IT IS SO ORDERED. |
| 8 | Dated: April 11, 2017 |

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE