UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK DWAYNE SAM,<br><br>        Petitioner,<br><br>    v.<br><br>D. DAVEY,<br><br>        Respondent. | No. 2:17-cv-744 JAM GGH<br><br>ORDER |

On May 15, 2017 this court issued an Order directing petitioner to submit an affidavit in support of his request to proceed IFP within 30 days of the date the Order was issued. ECF No. 5. The 30 days expired on June 15, 2017 with no response from petitioner. On June 19, 2017, respondent filed a Motion to Dismiss on the ground that the issues raised in the petition before the court had not been exhausted in the state courts and, therefore, the court lacked jurisdiction to proceed under 2254(b) which provides:

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I)there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

ECF No. 13.

On July 31, 2016 petitioner filed a Request for Stay and Abeyance pursuant to Rhines v.

1

Weber, 544 U.S. 269 (2005) stating that until he saw the respondent's Motion to Dismiss he had "thought [the claims] were already exhausted before filing in this Court, . . ." ECF No. 15 at 1:23-27 and that he was "totally surprised when he learned that is petition contained unexhaustion [sic] claim . . .". Id. at 2:11-13. Rhines does not, however, grant an open-ended right to stay and abeyance, instead requiring that the district court must determine "there was good cause for the petitioner's failure to exhaust his claims first in state court."

At this point, petitioner has not shown good cause, i.e., any believable cause. How could petitioner "not know" these claims were unexhausted and be "totally surprised" when he saw the Motion to Dismiss? He in fact referenced the issues on appeal in his petition, ECF 4 at 16 (electronic pagination): ((1) allowing a co-defendant to present hearsay evidence; (2) excluding third party culpability evidence; and (3) refusal to declare a mistrial."). Moreover, it is inconceivable that petitioner, serving a life without parole sentence, was oblivious to his appeal and the issues raised *at the the time* the appeal was adjudicated. Petitioner had to have known that the two issues he raises here in the petition were not exhausted long before the petition was filed.

The question here, then, is whether the proffered, but disingenuous, "surprise" constitutes "good cause" for a failure to exhaust any omitted claims before proceeding in federal court. As the Rhines court pointed out, if the stay and abeyance procedure is "employed too frequently, [it] has the potential to undermine" the twin purposes of AEDPA – "to protect[] a state prisoner's ability later to seek relief" through tolling of the limitation provision while still serving the exhaustion requirement." 544 U.S. at 276. The answer to this question clearly rests on petitioner. As the Court stated in Rose v. Lundy, 455 U.S. 509, 520 (1982), decided before the Rhines case permitted stay and abeyance to diminish the danger of lost habeas claims, potential petitioners must, "before [they] bring any claims to federal court, be sure that [they] have first taken each one to state court." Rhines asks nothing more than that a petitioner adequately state a valid reason for having failed to follow this course.

The undersigned is tempted to simply recommend a dismissal of the petition as totally unexhausted. However, due to the fact that petitioner raises a fabricated evidence claim (Claim

1), and petitioner is serving a life sentence, petitioner will be given one more opportunity to state why the claims he presently raises were not raised on appeal, or in a state habeas petition long ago.

In light of the foregoing IT IS HEREBY ORDERED that:

1. Petitioner shall, within 30 days of the filing of this Order, advise the court as to the time at which petitioner became aware of the issues raised in the petition, and why those claims could not have been raised earlier either on appeal or is a state habeas petition.

2. Petitioner is warned that failure to respond timely to this Order will lead to the recommendation that his petition be dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: August 7, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE