UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK DWAYNE SAM, | No. 2:17-cv-00744 JAM GGH |
| Petitioner, | |
| v. | ORDER |
| D. DAVEY, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, responded to an Order issued by the court, ECF No. 17, seeking information regarding his failure to exhaust state remedies before filing his petition in this court. Petitioner's response on December 8, 2017, requested that the pending Petition be dismissed without prejudice to permit him to exhaust his claims. ECF No. 20. Based on the reasoning below, the court recommends that the petition be dismissed without prejudice pursuant to Fed. R. Civ. P 41(a)(1) (self-executing dismissal without court order).[1]

Respondent brought a motion to dismiss based on the undisputed fact that petitioner's claims were unexhausted. Petitioner responded by requesting a Rhines stay, i.e. staying the federal case pending exhaustion of the claims in the Petition. ECF No. 15. The undersigned, doubting good cause for the Rhines stay because the excuse that petitioner was unaware that his

---

[1] The Federal Rules of Civil Procedure may be applied in habeas corpus proceedings in most situations. See Fed. R. Civ. P 81(a)(4).

1

claims were unexhausted up to that point appeared disingenuous, nevertheless gave petitioner another chance to demonstrate good cause for the unexhausted status of his claims. ECF No. 17.

Petitioner, after requesting over 90 days in extensions to answer this simple question, then stated that he had thought all along that his petition had been filed in state court for exhaustion purposes, pointing out that the petition in this court had been filed on a state court petition form, and that he had been unaware up through approximately November 26, 2017 that he had not actually filed in state court. This explanation was disingenuous times 2 in that petitioner had received correspondence and orders from this *federal* court which would have placed anyone on notice that the Petition had been filed in federal court. In addition, *petitioner* filed his Rhines stay motion, unequivocally demonstrating months ago his knowledge that his Petition had been filed in federal court. A Rhines stay motion, by definition, indicates that a petition is pending in federal court, and the court is being asked to stay the *federal* action pending its exhaustion in *state* court.

Recognizing that Petitioner's self-requested dismissal may well have statute of limitations implications, the undersigned would normally adjudicate the pending Rhines stay motion, and defer the requested dismissal. However, in this case, in the absence of good cause for a Rhines adjudication, it makes sense to honor the request of Petitioner that the Petition be dismissed without prejudice.

In light of the foregoing, Petitioner's request to dismiss his petition without prejudice is honored, and by operation of Fed. R. Civ. P. 41(a)(1) is dismissed without order of the court;

IT IS HEREBY ORDERED that:

The Clerk of the Court shall close this case.

Dated: December 15, 2017

          /s/ Gregory G. Hollows
     UNITED STATES MAGISTRATE JUDGE